# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LORA CIESZYNSKI**
        **Plaintiff,**

    **v.**                                                       **Case No. 17-C-1749**

**NANCY A. BERRYHILL,**
**Acting Commissioner of the Social Security Administration**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Lora Cieszynski filed this action for judicial review of the decision denying her application for social security disability benefits. The Commissioner concedes that the Administrative Law Judge ("ALJ") made some (but not all) of the mistakes plaintiff alleges, and that the matter must be remanded for further proceedings. However, she resists plaintiff's argument that the court should order reassignment to a different ALJ on remand.[1]

## I.

Because the parties agree remand is warranted, it is unnecessary to review the history of the case in detail. Plaintiff applied for benefits in June 2013, alleging that she became disabled as of December 6, 2012 (Tr. at 183), later amended to October 24, 2013 (Tr. at 21, 58, 286), based on degenerative disc disease of the lumbar and cervical spine, depression, anxiety, and residual effects of a wrist fracture (Tr. at 21, 197, 295). The ALJ denied her claim, finding that she retained the residual functional capacity ("RFC") to perform a range of light

---

[1] The Commissioner also argues that the court should not remand for an award of benefits (Def.'s Br. at 1, 2), but plaintiff makes no such request, so I do not discuss the issue further.

work involving simple, routine, and repetitive tasks, limited contact with others, and, in addition to regular breaks, being off task 10% of the time.  (Tr. at 23.)  In making this finding, the ALJ discounted the opinions of plaintiff's treating physicians (Tr at 27-28), gave great weight to the opinions of the non-examining agency consultants that plaintiff could perform light, unskilled work (Tr. at 27), and found plaintiff's statements regarding the severity of her symptoms and limitations inconsistent with the other evidence of record (Tr. at 24).

    **1.**    The ALJ erred in his evaluation of the report from treating source Dr. Boyd.  The ALJ stated that Dr. Boyd's "extreme limitations" were inconsistent with the "mild to moderate" degenerative changes to plaintiff's spine (Tr. at 28), yet a cervical MRI scan showed "moderate to severe" and "severe" abnormalities (Tr. at 516) and a lumbar MRI "moderate" degenerative changes (Tr. at 514).  See Roddy v. Astrue, 705 F.3d 631, 637 (7th Cir. 2013) (reversing where ALJ in discounting medical opinion "misunderstood or mischaracterized the results of the MRI").  The ALJ also relied on plaintiff's "conservative treatment" (Tr. at 28), despite her receipt of a variety of treatment measures which appear to "belie the ALJ's conclusion that [plaintiff] was treated conservatively."  Schomas v. Colvin, 732 F.3d 702, 709 (7th Cir. 2013).  The Commissioner agrees that the ALJ erred in evaluating Dr. Boyd's opinion, as alleged.  (Def.'s Br. at 2, citing Pl.'s Br. at 11-15.)

    **2.**    The ALJ erred in his evaluation of the opinions of the agency consultants.  The ALJ gave great weight to the opinions of the non-examining consultants, Drs. Zuniga and Chan, without discussing their specialities (if any) (Tr. at 27), while at the same time noting that the treating sources, Drs. Tanty and Boyd, were not specialists in psychiatry or orthopedics,

respectively (Tr at 27-28).[2]  See Bjornson v. Astrue, 671 F.3d 640, 647-48 (7th Cir. 2012) (reversing where ALJ inconsistently applied regulatory factors for evaluating medical opinions); see also 20 C.F.R. § 404.1527(c)(5) (listing physician specialty as a factor). The ALJ also gave great weight to these opinions, despite the fact that these physicians lacked access to important evidence, including the 2014 MRI scans. See Goins v. Colvin, 764 F.3d 677, 680 (7th Cir. 2014) (remanding where ALJ failed to submit MRI, which undermined reasoning of consulting physician, to medical scrutiny).  The Commissioner agrees that the ALJ failed to properly evaluate these opinions.  (Def.'s Br. at 2, citing Pl.'s Br. at 15-17.)

The ALJ also erred in failing to weigh the opinion of the agency's examining consultant, Dr. Linford, who opined that plaintiff "would not tolerate prolonged sitting, standing, [or] lifting heavy loads repetitively."  (Tr. at 412.)  While the ALJ discussed some of Dr. Linford's examination findings (Tr. at 25), he did not formally weigh the doctor's opinion regarding plaintiff's functional capacity. See Roddy, 705 F.3d at 636 ("An ALJ must consider all medical opinions in the record.").  The Commissioner agrees that on remand the ALJ should assign a weight to this opinion after considering the regulatory factors.  (Def.'s Br. at 3.)

**3.** The ALJ failed to incorporate into the RFC (Tr. at 23) plaintiff's "moderate" limitations in concentration, persistence, and pace (Tr. at 22), nor did he explain the basis for his conclusion that plaintiff would be off task 10% of the day (but not more). See Lanigan v. Berryhill, 865 F.3d 558, 563-64 (7th Cir. 2017); O'Connor-Spinner v. Colvin, 832 F.3d 690, 698-

---

[2]Plaintiff does not separately contend that the ALJ committed reversible error in his evaluation of Dr. Tanty's opinion.  Rather, she notes the ALJ's treatment of this opinion as part of her argument that the ALJ used different standards depending on whether the opinion supported his conclusion.  (Pl.'s Rep. Br. at 2 – "Thus, the treatment of Dr. Tanty's opinion is part of a larger error (one that the Commissioner concedes) and not an error unto itself.".)

3

99 (7th Cir. 2016; O'Connor-Spinner v. Astrue, 627 F.3d 614, 619-20 (7th Cir. 2010). The Commissioner agrees that, on remand, the ALJ should reevaluate plaintiff's mental ability to work, considering her "moderate" difficulties in concentration, persistence, and pace and providing an adequate evidentiary foundation for the RFC finding. (Def.'s Br. at 3, citing Pl.'s Br. 21-23).

**4.** Finally, the ALJ's adverse credibility determination rests in part on evidence cherry-picked from the record. See Engstrand v. Colvin, 788 F.3d 655, 662 (7th Cir. 2015) (indicating that ALJ cannot recite only the evidence supportive of his ultimate conclusion without acknowledging and addressing significant contrary evidence). For instance, the ALJ relied on plaintiff's attempted return to work as a server as evidence that she was more active and socially engaged than alleged (Tr. at 26), without acknowledging plaintiff's testimony that she worked a single, three-hour shift per week and even then could not handle the work, physically or mentally, leaving after less than two months (Tr. at 61-62, 76-77). See Czarnecki v. Colvin, 595 Fed. Appx. 635, 644 (7th Cir. 2015) (reversing where ALJ found claimant's waitressing activities inconsistent with her claimed limitations, without mentioning that "she had to stop waitressing because of her pain and inability to meet the physical demands of the job"); see also Stark v. Colvin, 813 F.3d 684, 689 (7th Cir. 2016) (noting that a claimant's effort to continue working, despite limitations, should enhance her credibility). The ALJ also relied on evidence suggesting improvement in plaintiff's condition with treatment (Tr. at 25, 28), without acknowledging the treatment notes indicating the pain relief was temporary (Tr. at 669, 672). See Bates v. Colvin, 736 F.3d 1093, 1099 (7th Cir. 2013) ("[T]hese statements were cherry-picked from the record, selected without consideration of the context in which they appear.").

The Commissioner, refusing to concede error in this regard, argues that the ALJ's consideration of plaintiff's part-time work and improvement with treatment was appropriate under the regulations. (Def.'s 4.) Plaintiff does not contend that the ALJ relied on irrelevant factors but rather that he failed to fully consider the evidence pertinent to those factors. The Commissioner further notes that the ALJ will on remand reevaluate the medical opinion evidence, which will necessitate reevaluation of plaintiff's part-time work activity and improvement with treatment, as those were reasons provided by the ALJ in evaluating those opinions; the Commissioner contends that the court need not provide specific instructions regarding the ALJ's assessment of plaintiff's symptoms. (Def.'s Br. at 4.) The ALJ's decision indicates that he relied on these factors in evaluating <u>both</u> the treating source reports and plaintiff's credibility.

The Commissioner further disagrees with the premise of plaintiff's argument – that the ALJ has to disprove the claimant's subjective statements once she alleges disabling limitations. (Def.'s Br. at 4, citing Pl.'s Br. at 18-19.) Plaintiff did not make such an argument; rather, she claimed that the ALJ engaged in improper cherry-picking in making his finding. See <u>Gerstner v. Berryhill</u>, 879 F.3d 257, 261 (7th Cir. 2018).

Finally, the Commissioner notes that, on remand, the ALJ will invariably reevaluate plaintiff's symptoms after reassessing the medical opinion evidence and considering any new medical evidence or testimony that plaintiff adds to the record. She contends that instructions are not needed to reasonably evaluate plaintiff's alleged symptoms and limitations.[3] While perhaps the ALJ's errors in evaluating credibility would not alone warrant a remand instruction,

---

[3]Plaintiff has not proposed specific instructions related to these errors.

see Halsell v. Astrue, 357 Fed. Appx. 717, 722 (7th Cir. 2009) ("Not all of the ALJ's reasons must be valid as long as enough of them are[.]"), the ALJ should reevaluate plaintiff's symptoms under the factors in SSR 16-3p and based on the entire record.

**II.**

Plaintiff asks the court to order the case be reassigned to a different ALJ on remand. She contends that the ALJ did not make the errors outlined above simply because of overwork or inattention, noting that she brought some of these issues, e.g., the results of the MRI scans (Tr. at 296), to his attention before the hearing. She concludes that: "The record demonstrates the previous ALJ's unshakeable commitment to denying benefits." (Pl.'s Br. at 23, citing Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir. 1996).)

Absent evidence of bias, the court has no general power to order that a case decided by an administrative agency be sent back to a different ALJ. Sarchet, 78 F.3d at 309. Indeed, in Sarchet, after noting the ALJ appeared to "have an unshakable commitment to the denial of this applicant's claim," the court "merely recommend[ed] that the case be transferred" to a different judge, rather than ordering reassignment. Id.

Adverse rulings, even erroneous ones, are rarely evidence of judicial bias, see, e.g., Straw v. Vill. of Streamwood, 734 Fed. Appx. 344, 349 (7th Cir. 2018) (citing Liteky v. United States, 510 U.S. 540, 556 (1994); Khor Chin Lim v. Courtcall Inc., 683 F.3d 378, 380 (7th Cir. 2012)), and plaintiff cites no authority for the proposition that mistakes of the sort at issue here warrant the remedy she seeks. See Davis v. Berryhill, 723 Fed. Appx. 351, 357 (7th Cir. 2018) ("Davis's argument that the ALJ showed 'animus' against her is wholly underdeveloped, without a single citation to legal authority."). Review of the ALJ's decision and the hearing transcript (Tr. at 54-93) reveals no indication of animus, antagonism, or improper adversarial conduct.

6

See Spicher v. Berryhill, 898 F.3d 754, 756-57 (7th Cir. 2018).

In reply, plaintiff contends that the ALJ's errors were deliberate, but she cites no evidence supporting this bold statement. (Pl.'s Rep. Br. at 4.) While a judge's bias need not be expressly stated, the proponent of reassignment must be able to point to <u>something</u> other than adverse rulings. Cf. Lentz v. Berryhill, No. 16-C-1450, 2017 U.S. Dist. LEXIS 219262, at *9 & n.5 (E.D. Wis. Nov. 1, 2017) (citing statements indicative of a commitment to denial and thus supporting a recommendation for reassignment). Plaintiff cites Tadesse v. Gonzales, 492 F.3d 905, 912 (7th Cir. 2007), but in that case the court merely "urged" reassignment to a different immigration judge, despite finding "systematic and obvious errors" and noting that the petitioner "did not receive a fair hearing." I decline order this case be reassigned to a different ALJ.

**III.**

**THEREFORE, IT IS ORDERED** that the ALJ's decision is reversed, and the matter is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of January, 2019.

/s Lynn Adelman
LYNN ADELMAN
District Judge

7